IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02703-BNB

RICHARD DALE TALBOTT,

Applicant,

v.

J. M. WILNER, Warden, et al.,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 08 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Richard Dale Talbott, is a prisoner in the custody of the United States Bureau of Prisons who currently is confined at the Federal Correctional Institution in Florence, Colorado. He has submitted *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.

In an order entered on December 27, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Talbott to cure a deficiency in the case within thirty days. Specifically, Mr. Talbott was directed either to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action or to pay the $5.00 filing fee. On January 2, 2008, Mr. Talbott attempted to cure the deficiency by submitting a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action together with an uncertified copy of his trust fund account statement for the six-month period immediately preceding this filing. On

January 14, 2008, he submitted motions to amend the habeas corpus application and to present supplemental evidence.

Mr. Talbott has failed within the time allowed to cure the designated deficiency as directed, i.e., he has failed to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing. Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes this requirement. The December 27, 2007, order warned Mr. Talbott that if he failed to cure the designated deficiency within the time allowed, the application would be denied and the action would be dismissed without further notice. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to cure. It is

FURTHER ORDERED that the motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 filed on January 2, 2008, is denied as moot. It is

FURTHER ORDERED that motions to amend the habeas corpus application and

to present supplemental evidence filed on January 14, 2008, are denied as moot.

DATED at Denver, Colorado, this 7 day of February, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02703-BNB

Richard Dale Talbott
Reg. No. 04895-028
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/8/8

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk